IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| PAMELA HANKINS, <br> AS EXECUTOR OF THE ESTATE <br> OF BETTY SCHEIVELHUD AND <br> PAMELA HANKINS, <br> INDIVIDUALLY, <br><br>     Plaintiffs, <br><br> vs. <br><br> NATIONAL HEALTHCARE <br> CENTER OF FORT OGLETHORPE, <br> L.P., NATIONAL HEALTHCARE <br> CORPORATION (DELAWARE), <br> NHC/OP, L.P., AND <br> NHC/DELAWARE, INC., <br><br>     Defendants. | CIVIL ACTION <br><br> FILE NO. _____ |

## **COMPLAINT**

COME NOW, Plaintiffs, Pamela Hankins, as Executor of the Estate of Betty Scheivelhud, and Pamela Hankins, Individually, by and through the undersigned counsel, and file this Complaint against the Defendants, showing the Court as follows:

1

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff, Pamela Hankins, as Executor of the Estate of Betty Scheivelhud, and Individually, is a resident and citizen of the State of Georgia as she resides at 12 West Brow Drive, Ringgold, Catoosa County, Georgia 30736, which is within the jurisdiction and venue of the Rome Division of the Northern District of Georgia. Venue is proper in this case pursuant to L.R. 3.1(B)(2), ND Ga. As Executor of the Estate of Betty Scheivelhud, and as a surviving daughter of Betty Scheivelhud, Pamela Hankins is entitled to recover damages for the full value of the life of the decedent, medical and funeral expenses, damages for the pain and suffering of the decedent, and punitive damages.

2.

As will be set forth in full below, all Defendants are foreign entities which are formed, organized and existing under laws other than the State of Georgia; furthermore, upon information and belief, all partners and limited partners of Defendants National Healthcare Center of Fort Oglethorpe, L.P. and NHC/OP, L.P. are citizens and residents of statutes other than Georgia. Thus, there is complete diversity of citizenship between the Plaintiffs and each of the Defendants. The amount in controversy in this matter exceeds Seventy-Five Thousand and no/100 ($75,000.00) Dollars, exclusive of interest of costs. This Court has original

jurisdiction of this action pursuant to 28 USC § 1332(a)(1).  In accordance with L.R. 3.3, ND Ga., Plaintiffs attach and incorporate by reference a Certificate of Interested Persons as Exhibit "A."

3.

As will be set forth below, Plaintiffs' decedent, Betty Scheivelhud, was a long-term resident of NHC Healthcare-Fort Oglethorpe, a nursing home located at 2403 Battlefield Parkway, Fort Oglethorpe, Catoosa County, Georgia  30742.

4.

As will be further set forth below, Ms. Scheivelhud sustained injuries due to the negligence of employees of Defendants, and sustained medical bills and expenses, and ultimately died.

5.

Defendant National Healthcare Center of Fort Oglethorpe, L.P., is a foreign limited partnership, with its principal office address at P. O. Box 1398, Murfreesboro, Tennessee 37133-1398.

6.

Defendant National Healthcare Center of Fort Oglethorpe, L.P. may be served through its registered agent, National Registered Agents, Inc. at 1201 Peachtree Street, N.E., Suite 1240, Atlanta, Fulton County, Georgia  30361.

7.

At all times material and relevant hereto, Defendant National Healthcare Center of Fort Oglethorpe, L.P. owned, operated and/or managed NHC Healthcare-Fort Oglethorpe, (hereinafter "Fort Oglethorpe"), a nursing facility located at 2403 Battlefield Parkway, Fort Oglethorpe, Catoosa County, Georgia 30742.

8.

Defendant National Healthcare Center of Fort Oglethorpe, L.P. has been properly served with the Summons and Complaint in this action.

9.

At all times material hereto, Defendant National Healthcare Center of Fort Oglethorpe, L.P. had the right to control the time, manner and method of duties performed by the nurses, nurses' aides, administrators and other staff at Fort Oglethorpe, and had the right to discharge the nurses, nurses' aides, and administrators at said facility.

10.

Furthermore, at all times material hereto, the nurses, nurses' aides, administrators and other staff at Fort Oglethorpe were agents and employees of Defendant National Healthcare Center of Fort Oglethorpe, L.P., and were acting within the course and scope of their agency and employment relationship.

4

11.

Accordingly, Defendant National Healthcare Center of Fort Oglethorpe, L.P. is liable for the negligent acts and/or omissions of the nurses, nurses' aides, administrators, agents and employees of Defendant National Healthcare Center of Fort Oglethorpe, L.P., pursuant to the doctrine of *respondeat superior*.

12.

Defendant National Healthcare Corporation (Delaware) is a foreign profit corporation with its principal office address at P. O. Box 1398, Murfreesboro, Tennessee 37133-1398.

13.

Defendant National Healthcare Corporation (Delaware) may be served through its registered agent, National Registered Agents, Inc., at 1201 Peachtree Street, N.E., Atlanta, Fulton County, Georgia 30361.

14.

At all times material and relevant hereto, Defendant National Healthcare Corporation (Delaware) owned, operated and/or managed Fort Oglethorpe, a nursing facility located at 2403 Battlefield Parkway, Fort Oglethorpe, Catoosa County, Georgia 30742.

15.

Defendant National Healthcare Corporation (Delaware) has been properly served with the Summons and Complaint in this action.

16.

At all times material hereto, Defendant National Healthcare Corporation (Delaware) had the right to control the time, manner and method of duties performed by the nurses, nurses' aides, administrators and other staff at Fort Oglethorpe, and had the right to discharge the nurses, nurses' aides, and administrators at said facility.

17.

Furthermore, at all times material hereto, the nurses, nurses' aides, administrators and other staff at Fort Oglethorpe were agents and employees of Defendant National Healthcare Corporation (Delaware), and were acting within the course and scope of their agency and employment relationship.

18.

Accordingly, Defendant National Healthcare Corporation (Delaware) is liable for the negligent acts and/or omissions of the nurses, nurses' aides, administrators, agents and employees of Defendant National Healthcare Center of Fort Oglethorpe, L.P., pursuant to the doctrine of *respondeat superior*.

19.

Defendant NHC/OP, L.P. is a foreign limited partnership with its principal office address at 100 E. Vine Street, Suite 1400, Murfreesboro, Tennessee 37130-3773.

20.

Defendant NHC/OP, L.P. may be served through its registered agent, National Registered Agents, Inc. at 1201 Peachtree Street, N.E., Suite 1240, Atlanta, Fulton County, Georgia 30361.

21.

At all times material and relevant hereto, Defendant NHC/OP, L.P. owned, operated and/or managed Fort Oglethorpe, a nursing facility located at 2403 Battlefield Parkway, Fort Oglethorpe, Catoosa County, Georgia 30742.

22.

Defendant NHC/OP, L.P. has been properly served with the Summons and Complaint in this action.

23.

At all times material hereto, Defendant NHC/OP, L.P. had the right to control the time, manor and method of duties performed by the nurses, nurses' aides, administrators and other staff at Fort Oglethorpe, and had the right to discharge the nurses, nurses' aides, and administrators at said facility.

24.

Furthermore, at all times material hereto, the nurses, nurses' aides, administrators and other staff at Fort Oglethorpe were agents and employees of Defendant NHC/OP, L.P., and were acting within the course and scope of their agency and employment relationship.

25.

Accordingly, Defendant NHC/OP, L.P. is liable for the negligent acts and/or omissions of the nurses, nurses' aides, administrators, agents and employees of Defendant NHC/OP, L.P., pursuant to the doctrine of *respondeat superior*.

26.

Defendant NHC/Delaware, Inc. is a foreign profit corporation, with its principal office address at 100 E. Vine Street, Murfreesboro, Tennessee 37130.

27.

Defendant NHC/Delaware, Inc. may be served through its registered agent, National Registered Agents, Inc. at 1201 Peachtree Street, N.E., Suite 1240, Atlanta Fulton County, Georgia 30361.

28.

At all times material and relevant hereto, Defendant NHC/Delaware, Inc. owned, operated and/or managed Fort Oglethorpe, a nursing facility located at 2403 Battlefield Parkway, Fort Oglethorpe, Catoosa County, Georgia 30742.

29.

Defendant NHC/Delaware, Inc. has been properly served with the Summons and Complaint in this action.

30.

At all times material hereto, Defendant NHC/Delaware, Inc. had the right to control the time, manner and method of duties performed by the nurses, nurses' aides, administrators and other staff at Fort Oglethorpe, and had the right to discharge the nurses, nurses' aides, and administrators at said facility.

31.

Furthermore, at all times material hereto, the nurses, nurses' aides, administrators and other staff at Fort Oglethorpe were agents and employees of Defendant NHC/Delaware, Inc., and were acting within the course and scope of their agency and employment relationship.

32.

Accordingly, Defendant NHC/Delaware, Inc. is liable for the negligent acts and/or omissions of the nurses, nurses' aides, administrators, agents and employees of Defendant NHC/Delaware, Inc., pursuant to the doctrine of *respondeat superior*.

33.

Defendants National Healthcare Center of Fort Oglethorpe, L.P., National Healthcare Corporation (Delaware), NHC/OP, L.P., and NHC/Delaware, Inc. will hereinafter be referred to as the "Fort Oglethorpe Defendants."

34.

All Defendants are jointly and severally liable to Plaintiffs.

35.

Plaintiffs attach hereto the Affidavit of Debi Luther, R.N., marked as Exhibit "B" in compliance with O.C.G.A. § 9-11-9.1.

## **FACTS**

36.

Plaintiffs incorporate herein paragraphs 1 through 35 above as though set forth fully verbatim.

37.

Betty Scheivelhud was admitted to Fort Oglethorpe in November of 2008 from Parkridge Medical Center. It was noted upon admission as the primary diagnosis that Mrs. Scheivelhud had end-stage Alzheimer's disease, dementia and cardiomyopathy, among other things.

38.

On the diagnostic problem list contained within the Fort Oglethorpe records, it notes abnormality of gait as of February 10, 2014.

39.

The Post Falls Nursing Assessment dated May 31, 2014 indicates that Mrs. Scheivelhud "was found on the floor during the passing of breakfast trays." Patient indicated she was trying to get from bed into wheelchair and it rolled out from under her.

40.

The Post Falls Nursing Assessment dated June 4, 2014 states that CNA Martha Gonzalez reported to the nurse patient was found on floor in the bathroom, with her back against the toilet seat facing between the doorway and the wall in front of the toilet. Under additional comments, it indicates that resident is care planned for a sensor alarm to bed, but knows how to turn it off and has been known to remove the sensor and place in drawers. A search of the room found no sensor alarm. The Post Falls Nursing Assessment indicates "will replace with another alarm."

41.

The Post Falls Nursing Assessment dated July 17, 2014 indicates that CNA went by day room and saw resident sitting on the floor in front of her wheelchair.

Under the additional comments section, it states "Needs strict supervision when up in W/C."

42.

The July 20, 2014 Care Plan notes that Mrs. Scheivelhud was an extensive two-person assist, and needed assistance with toileting.

43.

The Post Falls Nursing Assessment dated July 20, 2014 states "CNA seen pt walking with wheelchair.  Patient could not walk very well.  CNA went running and meet up with [sic] the preacher.  Held patient pts arms and lowered her to the floor."  Under additional comments, the patient was encouraged to "ask for help."

44.

The Post Falls Nursing Assessment dated September 16, 2014 indicates resident was trying to go to the restroom and fell.  It further indicates patient fell in room ambulating to bathroom, and that bed alarm activated on bed.

45.

The MDS dated September 24, 2014 indicates that Mrs. Scheivelhud was an extensive two-person assist for transfer and needed assistance for toileting.

46.

The Post Falls Nursing Assessment of December 5, 2014 describes that resident was in bathroom with CNA exiting commode and CNA was securing brief

when resident fell against the wall and slid to floor. The CNA indicated she heard a

pop and resident could not move her lower left extremity. Swelling was also noted

above the ankle.

47.

Following the above-described December 5th fall, Mrs. Scheivelhud was

transported to Hutcheson Medical Center where it was noted in the History and

Physical that she had frequent falls at the nursing home. She was diagnosed with a

fracture of her tibia and fibula and returned to the nursing home the following day.

48.

The Pressure Ulcer Tracking Form indicates a pressure ulcer to Mrs.

Scheivelhud's coccyx on February 17, 2015. The would assessment progress note

also indicated she had a Stage 3 coccyx wound with 50% slough to the wound bed,

50% granulation tissue and resident is on hospice care.

49.

The progress note dated December 10, 2014 indicates that the December 5th

fall sustained by Mrs. Scheivelhud resulted in her becoming 100% bed bound.

50.

Mrs. Scheivelhud passed away on February 28, 2015.

## COUNT I

## PROFESSIONAL NEGLIGENCE

### 51.

Plaintiffs incorporate herein Paragraphs 1 through 50 above as though set forth fully verbatim.

### 52.

The nurses working at and employed by Fort Oglethorpe deviated from the standard of care and skill exercised by nurses generally under similar conditions and like surrounding circumstances when Betty Scheivelhud was a resident at Fort Oglethorpe, and in particular, in 2014 and 2015.  These deviations include, but are not limited to, the following:

(a)   Failure to implement an individualized care plan for Mrs. Scheivelhud in light of her falls;

(b)   Failure to properly assess Mrs. Scheivelhud following each of her falls;

(c)   Failure to provide a safe environment free of accident hazards, as required by law;

(d)   Failure to provide adequate supervision and assistance in order to prevent falls;

(e)   Failure to implement a regimented system in order to address Mrs. Scheivelhud's numerous falls, including but not limited to, proper

monitoring, supervision and assistive devices, and an appropriate toileting plan, and moving Mrs. Scheivelhud closer to the nursing station where she could be observed;

(f)   Failure to properly update Mrs. Scheivelhud's care plan following her numerous falls;

(g)   Failure to follow the standard of care and/or policy regarding the number of assistants to be utilized for toileting needs;

(h)   Failure to perform appropriate skin assessments after Mrs. Scheivelhud's skin breakdown;

(i)   Failure to properly care plan the patient in a timely manner for skin breakdown, as well as failure to initiate and/or continue appropriate interventions to prevent skin breakdown;

(j)   Failure to provide appropriate assessment and documentation of wound status;

(k)   Failure to implement a proper turning and repositioning program for Mrs. Scheivelhud; and

(l)   Inadequate charting and documentation.

53.

As a direct and proximate result of the violations of the standard of care by the Fort Oglethorpe Defendants, Betty Scheivelhud suffered excruciating physical and mental pain and suffering, and ultimately death.

54.

Accordingly, Pamela Hankins, as Executor of the Estate of Betty Scheivelhud, is entitled to recover medical, funeral and burial expenses, as well as damages for her mother's pain and suffering.

55.

Pamela Hankins, surviving child of Betty Scheivelhud, is also entitled to recover for the wrongful death of her mother.

56.

As noted above, Plaintiffs have attached hereto the Affidavit of Debi Luther, R.N., as Exhibit "B" in compliance with O.C.G.A. § 9-11-9.1.

## COUNT II

## ORDINARY NEGLIGENCE

57.

Plaintiffs incorporate herein Paragraphs 1 through 56 above as though set forth fully verbatim.

58.

The nurses, nurses' assistants and other employees and personnel working at Fort Oglethorpe and employees of the Fort Oglethorpe Defendants had a duty to exercise ordinary and reasonable care in the provision of services to Betty Scheivelhud.

59.

The Fort Oglethorpe Defendants and their employees failed to exercise ordinary and reasonable care in their provision of services to Betty Scheivelhud while she was a resident at Fort Oglethorpe, as set forth below.

60.

The Fort Oglethorpe Defendants' licensed and non-licensed employees, including nursing assistants and other employees, failed to exercise ordinary and reasonable care in the following particulars:

(a)    Providing adequate, sufficient and appropriately trained staff at Fort Oglethorpe;

(b)    Providing appropriate and necessary training of all staff at Fort Oglethorpe;

(c)    Providing sufficient numbers of nurses, CNAs and other staff at Fort Oglethorpe;

(d)   Keeping the premises at Fort Oglethorpe safe for their residents, including Betty Scheivelhud; and

(e)   Providing appropriate equipment and devices in order to keep Betty Scheivelhud safe at Fort Oglethorpe.

## 61.

The acts, omissions and ordinary negligence of the Fort Oglethorpe Defendants' employees resulted in significant and debilitating injuries, and ultimately death, to Betty Scheivelhud.

## 62.

Accordingly, Pamela Hankins, as surviving child of Betty Scheivelhud, is entitled to recover for the wrongful death of her mother.

## 63.

In addition, Plaintiff Pamela Hankins, as Executor of the Estate of Betty Scheivelhud, is entitled to recover for her mother's funeral, burial and medical expenses, as well as damages for her pain and suffering.

## COUNT III

## VIOLATIONS OF THE GEORGIA BILL OF RIGHTS FOR RESIDENTS OF LONG-TERM CARE FACILITIES

64.

Plaintiffs incorporate herein paragraphs 1 through 63 above as though set forth fully verbatim.

65.

Defendants National Healthcare Center of Fort Oglethorpe, L.P., National Healthcare Corporation (Delaware), NHC/OP, L.P., and NHC/Delaware, Inc., through their agents, employees, servants, representatives and successors in interest, have violated Mrs. Scheivelhud's rights enumerated under O.C.G.A. § 31-8-108 and the Rules of the Department of Community Health, Nursing Homes, Section 111-8-56-.01 *et. seq.*

66.

Plaintiffs bring this action pursuant to the "Bill of Rights for Residents of Long Term Care Facilities" (O.C.G.A. § 31-8-100, *et seq.*).

67.

The Official Code of Georgia § 31-8-108 provides that each resident shall receive care, treatment and services which are adequate and appropriate. Furthermore, it requires that the care, treatment and services be provided with

reasonable care and skill, in compliance with applicable laws and regulations, and with respect for the resident's personal dignity and privacy.

68.

Defendants National Healthcare Center of Fort Oglethorpe, L.P., National Healthcare Corporation (Delaware), NHC/OP, L.P., and NHC/Delaware, Inc., through their employees and agents, failed to comply with these requirements and provisions of O.C.G.A. § 31-8-108.  Said violations on the part of the Defendants proximately caused injuries to Betty Scheivelhud, including the death of Betty Scheivelhud, excruciating mental and physical pain and suffering, medical expenses, and funeral and burial expenses.

69.

Pursuant to O.C.G.A. § 31-8-136, Plaintiffs are entitled to bring an action as a result of the Fort Oglethorpe Defendants' violations of the "Bill of Rights for Residents of Long Term Care Facilities."

70.

As a proximate result of the Fort Oglethorpe Defendants' violations of the "Bill of Rights for Residents of Long Term Care Facilities," Betty Scheivelhud died.

71.

Plaintiff Pamela Hankins, Individually, is entitled to bring a wrongful death action for the death of Betty Scheivelhud, and is entitled to recover for the full value

20

of the life of Betty Scheivelhud, as a result of the Fort Oglethorpe Defendants'
violations as set forth herein.

72.

As a proximate result of the violations of the "Bill of Rights of Residents of
Long Term Care Facilities" on the part of the Fort Oglethorpe Defendants, Betty
Scheivelhud suffered pain and suffering, and incurred medical expenses.  Also,
Plaintiffs incurred funeral and burial expenses.

73.

Accordingly, Plaintiff Pamela Hankins, as Executor of the Estate of Betty
Scheivelhud, is entitled to recover damages for the pain and suffering, medical,
funeral and burial expenses incurred as a result of the Fort Oglethorpe Defendants'
violations, as set forth above.

**COUNT IV**

**NEGLIGENCE *PER SE* FOR VIOLATIONS
OF STATE AND FEDERAL REGULATIONS**

74.

Plaintiffs incorporate Paragraphs 1 through 73 as if fully set our herein
verbatim.

21

75.

The nursing home facility known as NHC Healthcare at Fort Oglethorpe participates in the Medicare and Medicaid programs.   Accordingly, the Fort Oglethorpe Defendants are subject to the rules and regulations concerning nursing homes participating in the Medicare and Medicaid programs adopted pursuant to the Omnibus Budget Reconciliation Act of 1987 (the "Act").

76.

The Act and accompanying regulations were enacted to protect the rights of nursing home residents in those homes that receive Medicare and Medicaid funding, and Betty Scheivelhud was a member of the class the Act and accompanying regulations were intended to protect.  Accordingly, the Fort Oglethorpe Defendants are guilty of negligence *per se* in their violations of 42 CFR § 483.10, 42 CFR § 483.13(c), 42 CFR § 483.15, 42 CFR § 483.20, 42 CFR § 483.25, 42 CFR § 483.30, 42 CFR §483.40 and 42 CFR § 483.75.

77.

The administrator, nurses, and other employees of Fort Oglethorpe violated various provisions of the Code of Federal Regulations, and said violations constitute negligence *per se*.  These violations include, but are not limited to, the following:

(a)    42 CFR § 483.10 and 15(a) which provide that the resident has a right to live a dignified existence;

22

(b)     42 CFR § 483.13(c) which requires that the facility implement protocols to protect the resident from neglect;

(c)     42 CFR § 483.15 which requires that the facility promote care for residents in a manner and in an environment that maintains or enhances each resident's dignity and respect in full recognition of his or her individuality;

(d)     42 CFR § 483.20 which requires a comprehensive assessment be done promptly after a significant change in the resident's physical or mental condition and that a comprehensive care plan be done accordingly;

(e)     42 CFR § 483.25 which requires that each resident must receive and the facility must provide the necessary care and services to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care;

(f)     42 CFR § 483.25(a) which requires that a resident's abilities and activities of daily living not be diminished unless the circumstances of an individual's clinical condition demonstrate that diminution was unavoidable;

(g)     42 CFR § 483.25(h)(2) which requires the facility provide adequate supervision of residents to prevent accidents;

(h)     42 CFR § 483.30 which requires that the facility have sufficient nursing staff to provide nursing and related services to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident as determined by the resident's assessments and individual care plans;

(i)     42 CFR § 483.40(d) which requires the facility to provide or make available emergency medical care of the residents at any and all times;

(j)     42 CFR § 483.75 which requires that the facility be administered in such a way as to use its resources effectively and efficiently to maintain the highest practicable physical, mental and psychosocial well-being of each resident;

(k)     42 CFR § 483.75 which requires properly trained, qualified and competent staff; and

(l)     42 CFR § 483.75(b) which requires the facility to operate and provide services in compliance with law and acceptable professional standards and principles that apply to professionals providing said services.

78.

The nurses, nurses' aides, administrators and other employees employed by and working at Fort Oglethorpe violated various Rules and Regulations for Nursing

Homes of the Department of Community Health.   Said violations constitute negligence *per se*.  These violations include, but are not limited to, the following:

(a)  Section 111-8-56-.04 which requires that nursing care and related services be carried out in accordance with the facility's patient care policies.

(b)  Section 111-8-56-.10 which requires that nursing care shall be provided to each patient according to his/her needs and in accordance with his/her patient care plan.

(c)  Section 111-8-56-.11 which requires that the nursing home maintain a complete medical record on each patient.

79.

The negligence *per se* of the Fort Oglethorpe Defendants, as set forth above, proximately caused Betty Scheivelhud to suffer pain and suffering, as well as medical expenses and funeral expenses.

80.

Plaintiff Pamela Hankins, as Executor of the Estate of Betty Scheivelhud, is entitled to recover for the pain and suffering of Betty Scheivelhud, as well as medical, funeral and burial expenses.

81.

Further, Plaintiff Pamela Hankins is entitled to recover for the wrongful death of her mother.

## COUNT V

## FAILURE TO PROVIDE SUFFICIENT AND PROPER STAFFING

82.

Plaintiffs incorporate Paragraphs 1 through 81 above as though set forth herein fully verbatim.

83.

The Fort Oglethorpe Defendants had a duty to exercise ordinary and reasonable care in providing sufficient and competent staffing.

84.

Fort Oglethorpe was chronically understaffed, which put patients at the facility at risk and in danger.

85.

The Fort Oglethorpe Defendants breached their duty to exercise ordinary and reasonable care in providing sufficient and competent staffing at the facility.

86.

The Fort Oglethorpe Defendants failed to provide sufficient and competent staffing the facility and caused the facility to be chronically understaffed.

87.

The Fort Oglethorpe Defendants' acts and omissions caused injuries, and ultimately death, to Betty Scheivelhud.

88.

As a result of the Fort Oglethorpe Defendants' understaffing at the facility, Plaintiff Pamela Hankins is entitled to recover for Betty Scheivelhud's pain and suffering, as well as medical, funeral and burial expenses, as Executor of the Estate of Betty Scheivelhud.

89.

Additionally, Plaintiff is entitled to recover for the wrongful death of her mother.

## COUNT VI

## PUNITIVE DAMAGES

90.

Plaintiffs incorporate herein the allegations of Paragraphs 1 through 89 above as if fully set forth herein verbatim.

91.

The acts and omissions of the Fort Oglethorpe Defendants demonstrate fraud, intentional misconduct, willful and wanton misconduct, oppression, malice, and a

conscious indifference to the consequences, including the safety and health of Betty Scheivelhud.

92.

The acts and omissions of the Fort Oglethorpe Defendants were accompanied by aggravating circumstances inflicted upon Betty Scheivelhud.

93.

The Fort Oglethorpe Defendants are liable for punitive damages to Plaintiff Pamela Hankins, as Executor of her mother's estate.

94.

Punitive damages should be awarded to Plaintiff Pamela Hankins and against the Fort Oglethorpe Defendants to punish the Defendants and deter Defendants from repeated misconduct as described in this Complaint.

WHEREFORE, Plaintiffs pray for the following relief:

(a)     That process be issued as to the Defendants;

(b)     That Plaintiff, as Executor of the Estate of Betty Scheivelhud, recover a judgment against Defendants for punitive damages in an amount sufficient to punish Defendants and deter the Defendants from similar conduct in the future;

(c)     That Plaintiff recover a judgment in excess of Seventy-Five Thousand and no/100 ($75,000.00) Dollars against the Defendants in an amount

to be shown by the evidence at the trial of this case for the wrongful death of her mother;

(d)     That Plaintiff, as Executor of the Estate, recover a judgment in excess of Seventy-Five Thousand and no/100 ($75,000.00) Dollars against the Defendants for the pain and suffering, medical and funeral expenses incurred;

(e)     That the Court and Jury grant such other and further relief as they deem appropriate and warranted by the evidence; and

(f)     That Plaintiffs be granted a trial by jury.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY**

This ___6___ day of April, 2016.

Respectfully submitted,

WATKINS, LOURIE, ROLL & CHANCE, PC

BY _____

JOSEPH W. WATKINS
Georgia Bar No. 740525
jww@wlr.net
LANCE D. LOURIE
Georgia Bar No. 458520
ldl@wlr.net
SUZANNE T. FINK
Georgia Bar No. 716244
sf@wlr.net

29

Tower Place 200, Suite 1050
3348 Peachtree Road, N.E.
Atlanta, Georgia  30326
(404) 760-7400

PARKER & LUNDY

BY _____

WILLIAM L. LUNDY, JR.
Georgia Bar No. 461185
parklun@aol.com

212 Main Street
Post Office Box 1018
Cedartown, Georgia 30125
(770) 748-5643

ATTORNEYS FOR PLAINTIFFS